GARTH, Circuit Judge,
dissenting.
I do not agree with the majority’s decision to affirm the BIA. I would remand this case to the BIA, as the BIA engaged in improper fact findings in its review of the IJ’s decision. Under 8 CFR § 1003.1(d)(3), the BIA may not reverse an IJ’s factual findings unless they are “clearly erroneous.” The BIA did not determine that the factual findings of the IJ were “clearly erroneous,” rather the BIA improperly determined that the policy that Zhu would face in China would probably consist of “incentives and economically-based penalties” (BIA opinion at 2). Contrary to the IJ, the BIA also improperly found that Zhu’s daughters’ U.S. citizen *47 ship status would be relevant to Zhu’s treatment upon return to China. These factual determinations contradict the facts as found by the IJ. (See Huang v. AGUS, 620 F.3d 372 (3d Cir.2010)).
Inasmuch as the IJ did not commit clear error in reaching its factual determinations, the BIA was obligated to accept those facts and the others found by the IJ. Because the BIA violated this standard, I would return this petition to the BIA for proper consideration. At the very least, the Id’s opinion, based upon the evidence in the record, should persuade us, as I am persuaded, that Zhu’s petition should be considered by the Circuit Mediator or reconsidered under the program of prosecu-torial discretion recently announced by the President.